ROBERT D. SCHAUB, ESQUIRE
Attorney I.D. No. 42466
PAUL G. BATYKO III, ESQUIRE
Attorney I.D. No. 306477
ROSENN, JENKINS & GREENWALD, LLP
15 South Franklin Street
Wilkes-Barre, Pennsylvania 18711-0075
(570) 826-5649
Attorneys for Plaintiffs,
LINDA L. THEISE and THOMAS THEISE, her husband

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. THEISE and THOMAS THEISE, her husband | JURY TRIAL DEMANDED |
| Plaintiffs | |
| vs. | CIVIL ACTION NO.: |
| JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C. | |
| Defendants | |

## COMPLAINT

Plaintiffs, LINDA L. THEISE and THOMAS THEISE, her husband, by and through their attorneys, Rosenn, Jenkins & Greenwald, LLP, hereby complain of the Defendants, JAMES R. CARROLL, JR., ESQUIRE, and CARROLL & CARROLL, P.C., as follows:

## THE PARTIES

1.      Plaintiffs, LINDA L. THEISE and THOMAS THEISE, her husband, are adult individuals who are citizens of the State of New York residing at 640

647602.1

Powderhouse Road, Vestal, New York. (hereinafter LINDA L. THEISE and THOMAS THEISE may be collectively referred to as the "Plaintiffs").

2.    Defendant, JAMES R. CARROLL, JR., ESQUIRE, is an adult individual and, at all times relevant to this Complaint, a citizen of the Commonwealth of Pennsylvania residing in Bradford County, Pennsylvania, and an attorney licensed to practice law in the Commonwealth of Pennsylvania with the principal place of business located at 100 Center Street, Athens, Bradford County, Pennsylvania.

3.    Defendant, JAMES R. CARROLL, JR., ESQUIRE is a licensed professional with the principal place of business located in Bradford County, Pennsylvania.   Plaintiffs are asserting a professional liability claim against Defendant, JAMES R. CARROLL, JR., ESQUIRE.

4.    Defendant, CARROLL & CARROLL, P.C., is a professional corporation organized and existing under the laws of Pennsylvania with the principal place of business located at 100 Center Street, Athens, Bradford County, Pennsylvania. (hereinafter JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C. may be collectively referred to as the "Defendants").

5.    Defendant, CARROLL & CARROLL, P.C., is a licensed professional corporation with the principal place of business located in Bradford County,

647602.1

Pennsylvania.   Plaintiffs are asserting a professional liability claim against Defendant, CARROLL & CARROLL, P.C.

## JURISDICTION

6.      The subject matter jurisdiction of this Court is based upon diversity of citizenship between the parties, and the amount in controversy, exclusive of interests and costs, is in excess of Seventy Five Thousand and 00/100 ($75,000.00) Dollars.

## VENUE

7.      Venue is proper pursuant to 28 U.S.C § 1391(a) because (1) at all times relevant to this Complaint, Defendant, JAMES R. CARROLL, JR., ESQUIRE, resided in Bradford County, Pennsylvania, which is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania, (2) the principal place of business of Defendant, CARROLL & CARROLL, P.C., is located in Athens, Bradford County, Pennsylvania, and (3) a substantial part of the events giving rise to the Plaintiffs' claims occurred in Athens, Bradford County, Pennsylvania.

647602.1

## THE UNDERLYING ACTION

8.      On or about September 23, 2006, and at all times relevant to this Complaint, Plaintiff, LINDA L. THEISE, was the operator of a 2006 Toyota Corolla motor vehicle bearing New York license plate number ANV5386.

9.      On or about the aforesaid date, and at all times relevant to this Complaint, DAVID BELL, an adult individual and a citizen of the Commonwealth of Pennsylvania residing at 1069 Bell Road, Lake Ariel, Wayne County, Pennsylvania, was the owner and operator of a 2007 Kenworth tractor trailer bearing Pennsylvania license plate number AF12475.

10.     On or about the aforesaid date, at approximately 11:30 a.m., Plaintiff, LINDA L. THEISE, was stopped at a traffic signal on an exit ramp from Interstate 81 to State Route 6 in South Abington Township, Lackawanna County, Pennsylvania.

11.     On or about the aforesaid date, at or about the aforesaid time, DAVID BELL was traveling on and proceeding from Interstate 81 to the aforementioned exit ramp to State Route 6.

12.     On or about the aforesaid date, at or about the aforesaid time, DAVID BELL operated the aforesaid tractor trailer in such a reckless, careless and negligent manner so as to cause it to collide with the Plaintiff, LINDA L.

647602.1

THEISE, thereby directly and proximately causing the Plaintiff to sustain severe, painful, disabling and permanent injuries (the "Accident").

13.   As a result of the reckless, careless and negligent conduct of DAVID BELL, the Plaintiff, LINDA L. THEISE, suffered severe, painful and disabling injuries including, but not limited to, left shoulder pain with limited range of motion and stiffness, left rotator cuff injury and/or pain, rotator cuff tendonitis, left shoulder bursitis and impingement syndrome, bruising, contusions and surgical scarring, some or all of which may be permanent, and suffered, and continues to suffer, great pain and suffering of body and mind including, but not limited to, emotional anguish and distress, suffered and continues to suffer, humiliation, embarrassment, a loss of life's pleasures, well-being and enjoyment, and incurred, and continues to incur, substantial expenses for medical care and treatment, and incurred, and will continue to incur, other expenses and financial losses.

14.   As a further result of the reckless, careless and negligent conduct of DAVID BELL, the Plaintiff, LINDA L. THEISE, believes and therefore avers that her injuries are of a continuing nature, thereby requiring medical care and treatment from time to time in the future, and has suffered, and will suffer, impairment of her earning capacity and power.

647602.1

15. As a result of the reckless, careless and negligent conduct of DAVID BELL, the Plaintiff, THOMAS THEISE, was caused expense, inconvenience, anxiety and was deprived of the society, companionship, consortium, affection, joy, services and assistance of his wife, LINDA L. THEISE, and will continue to be so deprived as a result of the injuries sustained by her.

## FACTS RELATING TO PROFESSIONAL NEGLIGENCE / LEGAL MALPRACTICE AGAINST JAMES R. CARROLL, JR., ESQUIRE AND CARROLL & CARROLL, P.C.

16. On or about June 20, 2007, the Plaintiffs, LINDA L. THEISE and THOMAS THEISE, retained the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., as legal counsel in Plaintiffs' lawsuit relative to the aforementioned Accident. A true and correct copy of the Contingent Fee Agreement entered into between the Plaintiff, LINDA L. THEISE, and the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., is attached hereto as **Exhibit "A"** and incorporated herein by reference.

17. Pursuant to Pennsylvania law, the two (2) year statute of limitations on Plaintiffs' lawsuit relative to the aforementioned Accident, which occurred on or about September 23, 2006, was set to expire on or about September 23, 2008.

647602.1

18.   On or about October 10, 2008, after the Pennsylvania statute of limitations expired on or about September 23, 2008, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a demand letter relative to the aforementioned Accident to Michael D. Budd ("Budd"), Casualty Specialist, Progressive Insurance (underwritten by United Financial Casualty Company), the insurance carrier for DAVID BELL.   JAMES R. CARROLL, JR., ESQUIRE demanded a sum of Two Hundred Thousand ($200,000.00) Dollars to settle Plaintiffs' lawsuit relative to the aforementioned Accident.   Upon information and belief, the Defendants did not send, notify and/or inform the Plaintiffs of the October 10, 2008 demand letter, and Plaintiffs did not receive a carbon copy of the October 10, 2008 demand letter.   A true and correct copy of the October 10, 2008 demand letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "B"** and incorporated herein by reference.

19.   The Plaintiffs, LINDA L. THEISE and THOMAS THEISE, were not consulted by the Defendants about any demand letter and/or settlement offer and/or proposal, were not informed by the Defendants that any demand letter and/or settlement offer and/or proposal had been forwarded to the insurance carrier for DAVID BELL, and did not authorize the Defendants to submit any

647602.1

demand letter and/or settlement offer and/or proposal to the insurance carrier for DAVID BELL.

20.    On or about October 21, 2008, Budd forwarded a letter in response to the October 10, 2008 demand letter of the Defendant, JAMES R. CARROLL, JR., ESQUIRE, indicating that the Pennsylvania statute of limitations applicable to Plaintiffs' lawsuit relative to the aforementioned Accident expired on September 23, 2008, and that no voluntary payment would be forthcoming.    Upon information and belief, the Defendants did not send, notify and/or inform the Plaintiffs of the October 21, 2008 letter of Budd.   A true and correct copy of the October 21, 2008 letter of Budd is attached hereto as **Exhibit "C"** and incorporated herein by reference.

21.    On or about October 30, 2008, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Budd indicating that the Plaintiffs intended to file suit in New York and taking the position that the three (3) year New York statute of limitations applied to the Plaintiffs' lawsuit relative to the aforementioned Accident.  Upon  information and belief, the Defendants did not send, notify and/or inform the Plaintiffs of the October 30, 2008 letter.    A true and correct copy of the October 30, 2008 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "D"** and incorporated herein by reference.

647602.1

22.    On or about November 21, 2008, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Budd again indicating that the Plaintiffs intended to file suit in New York and that the New York statute of limitations applied to Plaintiffs' lawsuit relative to the aforementioned Accident. JAMES R. CARROLL, JR., ESQUIRE stated, inter alia, "If I do not hear from you shortly, we will be forced to file suit. Obviously, if that happens it will be more expensive for both sides as well as it will be more difficult to negotiate a settlement of the case." Upon  information and belief, the Defendants did not send, notify and/or inform the Plaintiffs of the November 21, 2008 letter.  A true and correct copy of the November 21, 2008 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "E"** and incorporated herein by reference.

23.    On or about December 10, 2008, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Debbie Toberman ("Toberman"), Minnesota Lawyers Mutual, the malpractice insurance carrier for the Defendants. JAMES R. CARROLL, JR., ESQUIRE indicated that he had previously informed Toberman, via telephone, of a potential missed statute of limitations, and that Toberman advised him not to file a complaint in New York relative to the aforementioned Accident until further notice from Toberman. Upon  information and belief, the Defendants did not send, notify and/or inform the Plaintiffs of the December 10,

2008 letter. A true and correct copy of the December 10, 2008 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "F"** and incorporated herein by reference.

24.    On or about March 25, 2009, the Defendants, on behalf of the Plaintiffs, filed a Complaint in the United States District Court for the Northern District of New York, at civil action number 3:09-CV-0344, against DAVID BELL relative to the aforementioned Accident for injuries sustained by Plaintiff, LINDA L. THEISE, and for loss of consortium suffered by Plaintiff, THOMAS THEISE. Upon information and belief, the Defendants knew that the Complaint filed in the United States District Court for the Northern District of New York was frivolous and without merit as there was no basis for venue in New York. Upon information and belief, the Defendants filed the Complaint in the Northern District of New York as an attempt to cover up and/or hide the missed Pennsylvania statute of limitations from the Plaintiffs. A true and correct copy of the Complaint is attached hereto as **Exhibit "G"** and incorporated herein by reference.

25.    On or about March 27, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Plaintiff, LINDA L. THEISE, enclosing a copy of the Complaint relative to the aforementioned Accident that was filed in the United States District Court for the Northern District of New York. A true and correct

647602.1

copy of the March 27, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "H"** and incorporated herein by reference.

26.    On or about April 10, 2009, DAVID BELL, by and through his counsel, filed an Answer setting forth the affirmative defenses of, inter alia, improper venue, the statute of limitations and lack of personal jurisdiction. DAVID BELL, by and through his counsel, contended that venue was proper in the United States District Court for the Middle District of Pennsylvania and that there was no basis for long arm jurisdiction over DAVID BELL by a federal court sitting in the State of New York. A true and correct copy of the Answer is attached hereto as **Exhibit "I"** and incorporated herein by reference.

27.    On or about April 14, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Plaintiff, LINDA L. THEISE, enclosing a copy of the Answer of DAVID BELL and referring to the contents thereof as "merely legal mumbo jumbo." Upon information and belief, this was the first time the Defendants informed and/or notified the Plaintiffs of the legal positions of DAVID BELL that venue was proper in the United States District Court for the Middle District of Pennsylvania and that the Pennsylvania statute of limitations had lapsed relative to Plaintiffs' claims arising from the aforementioned Accident. Upon information and belief, the Defendants knew that the legal positions of

647602.1

DAVID BELL were valid and legally correct.  A true and correct copy of the April 14, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "J"** and incorporated herein by reference.

28.    On or about April 27, 2009, DAVID BELL, by and through his counsel, filed a Motion to Transfer pursuant to 28 U.S.C. § 1391(a), as well as a Memorandum of Law in support thereof, and sought to transfer the Plaintiffs' case to the United States District Court for the Middle District of Pennsylvania.  Upon information and belief, the Defendants did not notify and/or inform the Plaintiffs of the Motion to Transfer filed by DAVID BELL, by and through his counsel. True and correct copies of the Motion to Transfer and Memorandum of Law filed by DAVID BELL, by and through his counsel, are attached hereto as **Exhibit "K"** and incorporated herein by reference.

29.    On or about May 22, 2009, the Defendants, on behalf of the Plaintiffs, filed a Memorandum in Opposition to the Motion to Transfer filed by DAVID BELL, by and through his counsel.  Upon information and belief, the Defendants did not notify and/or inform the Plaintiffs of any actions relative to the Motion to Transfer filed by DAVID BELL, by and through his counsel, and/or any issues relative to venue and/or the statute of limitations.  A true and correct copy of the

647602.1

Memorandum in Opposition is attached hereto as **Exhibit "L"** and incorporated herein by reference.

30.   On or about May 27, 2009, the United States District Court for the Northern District of New York, McAvoy, J., issued its Decision and Order granting the Motion to Transfer filed by DAVID BELL, by and through his counsel, and transferring the Plaintiffs' lawsuit relative to the aforementioned Accident to the United States District Court for the Middle District of Pennsylvania.   A true and correct copy of the Court's Decision and Order is attached hereto as **Exhibit "M"** and incorporated herein by reference.

31.   On or about June 22, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Plaintiff, LINDA L. THEISE, indicating that the insurance carrier for DAVID BELL claimed that the Defendants, on behalf of the Plaintiffs, should have filed suit in Pennsylvania and that the Pennsylvania statute of limitations had lapsed relative to Plaintiffs' claims arising from the aforementioned Accident.   JAMES R. CARROLL, JR., ESQUIRE indicated that the Court granted the Motion to Transfer filed by DAVID BELL, by and through his counsel, which transferred the case from the United States District Court for the Northern District of New York to the United States District Court for the Middle District of Pennsylvania.   JAMES R. CARROLL, JR., ESQUIRE

647602.1

indicated that he believed the Court decided the Motion to Transfer incorrectly, that he believed DAVID BELL had enough contacts with the State of New York to allow the case to remain in New York, and that he intended to file an appeal of the Court's decision.  JAMES R. CARROLL, JR., ESQUIRE indicated, inter alia, that, "I have kept my malpractice insurance carrier up to speed on the developments of this case.  If we are not successful, then you would be able to recover for your injuries against my malpractice carrier.  You should not be penalized for a potential mistake that we made."  A true and correct copy of the June 22, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "N"** and incorporated herein by reference.

32.    On or about June 26, 2009, the Defendants, on behalf of the Plaintiffs, filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit from the Decision and Order of the United States District Court for the Northern District of New York, which granted the Motion to Transfer filed by DAVID BELL, by and through his counsel, and transferred the Plaintiffs' lawsuit relative to the aforementioned Accident to the United States District Court for the Middle District of Pennsylvania.  A true and correct copy of the Notice of Appeal is attached hereto as **Exhibit "O"** and incorporated herein by reference.

647602.1

33.   On or about June 26, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Plaintiff, THOMAS THEISE, following up on a telephone conversation, and indicating, "I updated you on the status of Linda's case and of the error that our office made which caused this whole thing. We have filed an appeal to the Judge's decision removing the case to Pennsylvania…As I informed you, I have placed my malpractice carrier on notice of this claim and have provided them with all the information…I again want to apologize to you and Linda for putting you through this.  You do not deserve it and I will do everything I can to make it right with the least amount of trouble to you."  A true and correct copy of the June 26, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto an **Exhibit "P"** and incorporated herein by reference.

34.   On or about July 29, 2009, DAVID BELL, by and through his counsel, filed a Motion for Summary Judgment in the United States District Court for the Middle District of Pennsylvania, at civil action number 3:09-CV-1003, relative to the Plaintiffs' lawsuit.  On or about July 31, 2009, DAVID BELL, by and through his counsel, filed a statement of material facts.  Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., did not file a response to the statement of material facts filed by DAVID BELL, by and through his counsel.  On or about August 14, 2009, DAVID BELL, by and through his

647602.1

counsel, filed a brief in support of the Motion for Summary Judgment. Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., did not file a brief in opposition to the Motion for Summary Judgment filed by DAVID BELL, by and through his counsel. Thus, the Court found that Plaintiffs failed to comply with Local Rule 7.6 and were deemed not to oppose the Motion for Summary Judgment filed by DAVID BELL, by and through his counsel. However, out of an abundance of caution, the United States District Court for the Middle District of Pennsylvania undertook an analysis of the statute of limitations argument of DAVID BELL. See the Middle District's Memorandum and Order attached hereto as **Exhibit "Q."**

35.    On or about September 9, 2009, the United States District Court for the Middle District of Pennsylvania, Nealon, J., issued a Memorandum and Order granting the Motion for Summary Judgment filed by DAVID BELL, by and through his counsel, on the grounds that United States District Court for the Middle District of Pennsylvania was the proper venue and that the Pennsylvania statute of limitations had lapsed relative to Plaintiffs' claims arising from the aforementioned Accident.   A true and correct copy of the Middle District's Memorandum and Order is attached hereto as **Exhibit "Q"** and incorporated herein by reference.

647602.1

36.   On or about September 15, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to Plaintiff, LINDA L. THEISE, enclosing a copy of the Memorandum and Order of the United States District Court for the Middle District of Pennsylvania granting the Motion for Summary Judgment filed by DAVID BELL, by and through his counsel, and dismissing the Plaintiffs' Complaint on the ground that the applicable Pennsylvania statute of limitations had lapsed.  JAMES R. CARROLL, JR., ESQUIRE stated, inter alia, "As you know, we did not have an argument against that issue and the Court dismissed it." JAMES R. CARROLL, JR., ESQUIRE further indicated that an appeal of the Northern District's decision to grant the Motion to Transfer filed by DAVID BELL, by and through his counsel, was still pending before the Second Circuit Court of Appeals.  A true and correct copy of the September 15, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "R"** and incorporated herein by reference.

37.   On or about December 15, 2009, Defendant, JAMES R. CARROLL, JR., ESQUIRE, forwarded a letter to the Plaintiff, LINDA L. THEISE, indicating that the Defendants decided to withdraw the appeal pending before Second Circuit Court of Appeals.  JAMES R. CARROLL, JR., ESQUIRE stated, inter alia, "However, after discussing the appeal with the attorneys that work for the Second

647602.1

Circuit as well as talking with the attorney hired by my malpractice carrier, we decided to end my appeal.  It was everyone's professional opinion that the appeal would be fruitless and really is wasting time in making sure you are adequately compensated for your injuries…Just so you know, my request was that, if possible, we do not prolong this any further and we I [sic] want to ensure that you get the compensation you deserve."  A true and correct copy of the December 15, 2009 letter of JAMES R. CARROLL, JR., ESQUIRE is attached hereto as **Exhibit "S"** and incorporated herein by reference.

**COUNT I**

**LINDA L. THEISE AND THOMAS THEISE, HER HUSBAND V. JAMES R. CARROLL, JR., ESQUIRE AND CARROLL & CARROLL, P.C.**

**LEGAL MALPRACTICE / PROFESSIONAL NEGLIGENCE**

38.    The allegations of Paragraphs 1 through 37 are incorporated herein by reference as fully as though set forth herein at length.

39.    On or about June 20, 2007, the Plaintiffs, LINDA L. THEISE and THOMAS THEISE, retained and/or employed the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., as legal counsel to represent Plaintiffs in their lawsuit relative to the aforementioned Accident for injuries sustained by Plaintiff, LINDA L. THEISE, and loss of consortium suffered by Plaintiff, THOMAS THEISE (the "Representation").  See a copy of

647602.1

the Contingent Fee Agreement entered into between the Plaintiff, LINDA L. THEISE, and the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., attached hereto as **Exhibit "A."**

40.     The Representation obligated the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., to exercise ordinary skill and knowledge and to abide by the appropriate standard of care in the prosecution of the Plaintiffs' lawsuit relative to the aforementioned Accident.

41.     The Representation obligated the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., to duties of competent representation and to the highest duties of honesty, fidelity and confidentiality to the Plaintiffs.

42.     The Representation obligated the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., to exercise ordinary skill and knowledge and to abide by the appropriate standard by instituting legal action on behalf of the Plaintiffs relative to the aforementioned Accident within the applicable statute of limitations.

43.     The Representation obligated the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., to promptly inform the Plaintiffs of any decision or circumstance with respect to the Plaintiffs' right of

647602.1

informed consent, including, but not limited to, any decision regarding any settlement demands, offers and/or proposals.

44.    The Representation obligated the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., not to bring or defend a proceeding, or assert or controvert an issue therein, unless there was a basis in law and fact for doing so that was not frivolous.

45.    The Defendants breached the aforementioned duties owed the Plaintiffs by failing to exercise ordinary skill and knowledge, as herein more fully described, and including, but not limited to, the following:

    a.  By failing to institute, within the applicable two (2) year statute of limitations period pursuant to Pennsylvania law, legal action on behalf of the Plaintiffs with the Court of proper venue, the United States District Court for the Middle District of Pennsylvania, in order to advocate the best interests of the Plaintiffs relative to their claims arising from the aforementioned Accident.

    b.  By failing to file the proper pleadings with the Court of proper venue, in this case the United States District Court for the Middle District of Pennsylvania, and by allowing and/or causing the applicable

647602.1

Pennsylvania statute of limitations to lapse relative to Plaintiffs' claims arising from the aforementioned Accident.

c. By failing to inquire into the factual and legal elements pertaining to, inter alia, proper venue and/or the applicable statute of limitations, by failing to promptly inform the Plaintiffs of the same, and by intentionally, fraudulently and/or recklessly undertaking certain measures in an attempt to cover up and/or hide the Defendants' professional negligence, as more fully described herein;

d. By failing to inform and/or obtain the informed consent of the Plaintiffs pertaining to decisions and/or authority to settle the Plaintiffs' claims, and by engaging in settlement demands, offers and/or proposals relative to the Plaintiffs' lawsuit arising out of the aforementioned Accident without informing the Plaintiffs of the same;

e. By filing a frivolous Complaint, on behalf of the Plaintiffs, in the United States District Court for the Northern District of New York against DAVID BELL, without a proper basis in law or fact to do so;

f. By filing a frivolous Appeal with the United States Court of Appeals for the Second Circuit, on behalf of the Plaintiffs, of the Decision and Order of the United States District Court for the Northern District of

647602.1

New York granting the Motion to Transfer filed by DAVID BELL, by and through his counsel, without a proper basis in law or fact to do so; and

g. By failing to properly defend against the Motion for Summary Judgment filed by DAVID BELL, by and through his counsel, in the United States District Court for the Middle District of Pennsylvania.

46.     The Defendants' actions described herein were intentional, willful, wanton, reckless, extreme and outrageous, and directly and proximately caused damages to the Plaintiffs.

47.     The Plaintiffs sustained damages as a direct and proximate result of the professional negligence and the negligent, careless, reckless and wanton conduct of the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., as more fully described herein.

48.     Specifically, as a direct and proximate result of the negligent, careless, reckless and wanton conduct of the Defendants as described more fully herein, the Plaintiffs have lost their right to seek adjudication, by a Court of proper jurisdiction and venue, of their claims arising from the aforementioned Accident, in which Plaintiff, LINDA L. THEISE, suffered severe, painful and disabling injuries including, but not limited to, left shoulder pain with limited range of

647602.1

motion and stiffness, left rotator cuff injury and/or pain, rotator cuff tendonitis, left shoulder bursitis and impingement syndrome, bruising, contusions and surgical scarring, some or all of which may be permanent, and suffered, and continues to suffer, great pain and suffering of body and mind including, but not limited to, emotional anguish and distress, and suffered, and continues to suffer, humiliation, embarrassment, a loss of life's pleasures, well-being and enjoyment, and incurred, and continues to incur, substantial expenses for medical care and treatment, and incurred, and will continue to incur, other expenses and financial losses, and has suffered, and will suffer, impairment of her earning capacity and power, and Plaintiff, THOMAS THEISE, was caused expense, inconvenience, anxiety and was deprived of the society, companionship, consortium, affection, joy, services and assistance of his wife, LINDA L. THEISE, and will continue to be so deprived as a result of the injuries sustained by her.

WHEREFORE, Plaintiffs, LINDA L. THEISE and THOMAS THEISE, demand judgment against the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., in an amount in excess of $75,000.00, in compensatory and punitive damages, together with interest, costs and other relief as the Court deems appropriate and just.

647602.1

## COUNT II

## LINDA L. THEISE AND THOMAS THEISE, HER HUSBAND V. JAMES R. CARROLL, JR., ESQUIRE AND CARROLL & CARROLL, P.C.

### PUNITIVE DAMAGES

49.     The allegations of Paragraphs 1 through 48 are incorporated herein by reference as fully as though set forth herein at length.

50.     The Plaintiffs, LINDA L. THEISE and THOMAS THEISE, aver that the acts of the Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., as aforementioned, were done in a knowing, wanton, outrageous and reckless manner and amounted to and constituted a reckless indifference of the rights of the Plaintiffs.

WHEREFORE, Plaintiffs, LINDA L. THEISE and THOMAS THEISE, demand judgment against Defendants, JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., in an amount in excess of $75,000.00 in punitive damages, together with interest, costs and such other relief as the Court deems appropriate and just.

647602.1

Respectfully submitted,

ROSENN JENKINS & GREENWALD, L.L.P.

By: _____

ROBERT D. SCHAUB, ESQUIRE
Atty. I.D. No. 42466
PAUL G. BATYKO III, ESQUIRE
Atty. I.D. No. 306477
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5652
(570) 831-7215 - Fax

Attorneys for Plaintiffs,
LINDA L. THEISE and
THOMAS THEISE, her husband

647602.1