IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. THEISE and THOMAS THEISE, her husband, | No. 3:10cv1715 |
| Plaintiffs | (Judge Munley) |
| v. | |
| JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C., | |
| Defendants | |

## **MEMORANDUM**

  Before the court for disposition is the motion to dismiss filed by defendants James R. Carroll, Jr., Esquire and Carroll & Carroll, P.C. The motion is fully briefed and ripe for disposition.

**Background**

  Plaintiff Linda L. Theise sustained severe, painful, disabling and permanent injuries as the result of an automobile accident in South Abington Township, Pennsylvania, on September 23, 2006. (Doc. 1, Compl. ¶¶ 8, 12). On June 20, 2007, she retained the services of Defendants James R. Carroll, Jr. and Carroll & Carroll, P.C. as legal counsel with regard to a lawsuit regarding the accident. (Id.) A two-year statute of limitations applied to plaintiffs' lawsuit under the law of Pennsylvania. (Id. ¶ 17). Defendants, on October 10, 2008, after the expiration of the statute of limitations, sent a demand letter to the insurance carrier of the alleged tortfeasor. (Id. ¶ 18). The insurance carrier indicated that they would make no payment because the statute of

1

limitations had expired. (Id. ¶ 20). Defendants responded that they intended to file suit in New York state, where the statute of limitations is three years. (Id. ¶ 22). Defendants were also in contact with their malpractice insurance carrier and informed them of a possible missed statute of limitations. (Id. ¶ 23). The malpractice insurance carrier advised defendants not to file the lawsuit in New York state. (Id.). Nevertheless, defendants filed suit on the plaintiffs behalf in the United States District Court for the Northen District of New York on March 25, 2009. (Id. ¶ 24). Plaintiffs allege that the defendants "knew that the Complaint filed in the United States District Court for the Northern District of New York was frivolous and without merit as there was no basis for venue in New York." (Id.)

On May 27, 2009, the Northern District of New York court transferred the case to the United States District Court for the Middle District of Pennsylvania. (Id. ¶ 30). Defendants filed an appeal of the transfer order. (Id. ¶ 32). Defendants later withdrew this appeal because it was fruitless. (Id. ¶ 37).

The United States District Court for the Middle District of Pennsylvania granted judgment against the plaintiffs on the basis of the statute of limitations on September 9, 2009. (Id. ¶ 35).

Subsequently, the plaintiffs instituted the instant action. They filed a two-count complaint for: 1) Legal Malpractice/Professional Negligence and 2) Punitive Damages. Defendants have filed a motion to dismiss the claim for punitive damages, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction

statute, 28 U.S.C. § 1332. Plaintiffs are citizens of New York State, and the defendants are citizens of Pennsylvania. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot

be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendants move to dismiss the punitive damages claim on the basis that, although plaintiffs may have properly pled a negligence claim, their allegations are insufficient to support the imposition of punitive damages. We disagree.

Pennsylvania law provides that punitive damages may be awarded in legal malpractice cases where the defendant has engaged conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.  Rizzo v. Haines, 555 A.2d 58, 69 (Pa. 1989).  The Supreme Court of Pennsylvania has explained the punitive damages

standard as follows:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984) ( quoting Restatement (Second) of Torts § 908(2) (1979)); see also Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991); Feld, 485 A.2d at 747-48; Chambers, 192 A.2d at 358. See also Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1) ( "Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." See Feld, 485 A.2d at 748; see also Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

Hutchinson ex rel. Hutchinson v. Luddy, 870 A.2d 766, 770-71 (Pa. 2005) (footnote omitted).

After a review of the plaintiff's complaint, we find that sufficient allegations have been made for the punitive damages claim to withstand a motion to dismiss.  Plaintiffs allege that the defendants took actions on their behalf that they never authorized and of which the defendants failed to notify them.  (Doc. 1, Compl. ¶¶ 18 - 22).  They assert that the defendants filed a complaint in the United States District Court for the

Northern District of New York knowing that the complaint was frivolous and without merit for lack of venue. (Id. ¶ 24). After that case was transferred to the Middle District of Pennsylvania the defendants failed to file a statement of material facts or memorandum in opposition to the motion. (Id. ¶ 34). These are just examples, and not an exhaustive list of the plaintiff's allegations. Plaintiffs assert that the actions were performed intentionally, fraudulently, and/or recklessly to cover up and/or hide the defendant's professional negligence. (Id. ¶ 45). Accordingly, we find sufficient assertions to support plaintiffs' punitive damages claim, and the defendants' motion to dismiss will be denied.[1] An appropriate order follows.

---

[1] As the issue of punitive damages is so fact specific, it may be better suited for analysis in relation to a motion for summary judgment after discovery is completed.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDA L. THEISE and THOMAS THEISE, her husband,** | No. 3:10cv1715 |
| **Plaintiffs** | (Judge Munley) |
| v. | |
| **JAMES R. CARROLL, JR., ESQUIRE and CARROLL & CARROLL, P.C.,** | |
| **Defendants** | |

## **ORDER**

  **AND NOW**, to wit, this 27th day of April 2011, the defendants' motion to dismiss (Doc. 9) is hereby **DENIED**.

           **BY THE COURT:**

           **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**